UNITED STATES BANKRUPTCY COURT
DISTRICT OF KANSAS

```
IN RE:                              )
Daniel v. Rowe,                     )    Case No. 22-40216
Michelle L. Rowe,                   )    Chapter 7
                Debtors.            )
_____)
Darcy D. Williamson, Trustee,       )
                Plaintiff,          )
vs.                                 )    Adversary No.
                                    )
Litigation Practice Group PC,       )
                Defendant.          )
```

## COMPLAINT TO AVOID FRAUDULENT TRANSFER UNDER 11 U.S.C. § 548 AND FOR TURNOVER AND RECOVERY UNDER THE KANSAS CREDIT SERVICES ORGANIZTION ACT AND THE KANSAS CONSUMER PROTECTION ACT

Darcy D. Williamson, Trustee, for her Complaint states:

### Jurisdiction

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C §§ 542, 548, and 550, and Fed. R. Bank. P. 7001.

2. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

4. This adversary proceeding is brought in the Chapter 7 bankruptcy of Daniel V. and Michelle L. Rowe, Case No. 22-40215, pending before the United States Bankruptcy Court for the District of Kansas.

5. The plaintiff consents to entry of a final order or judgment by the Bankruptcy Court.

### Parties / Background

6. Plaintiff, Darcy D. Williamson, Trustee ("Trustee"), is the duly appointed, qualified, and acting Trustee in the above referenced bankruptcy case. Her business address is 1109 SW Westside Dr., Topeka, KS 66615.

7. Defendant Litigation Practice Group P.C. ("LPG") is a California "licensed law corporation" and may be served c/o Daniel S. March, Agent for Service of Process, 17542 E 17th Street, Ste. 100, Tustin, CA 92780.

8. Prior to filing bankruptcy on April 28, 2022, the debtors were struggling financially. They could not pay their bills as they became due. When they filed bankruptcy, the debtors listed total assets of $230,390.00 including exempt assets (home and vehicles) of $216,890.00, and debts of $360,798.00, including secured debt of $311,982.00 ($229,890 collateral value) and unsecured debt of $40,816.00.

9. The debtors were at all times here relevant residents of Kansas. While in Kansas the debtor Daniel V. Rowe contacted LPG after viewing its website.

10. On November 23, 2021, debtor Daniel V. Rowe entered into a Legal Services Agreement with LPG, also electronically.

11. Under the Legal Services Agreement, LPG said that it would:

- Assist you in stopping creditors and any related debt collectors from harassing or contacting you in connection with any of the debts identified below;

- Dispute the legal validity of the debts identified below;

- Assist you in removing erroneous or inaccurate information reported in connection with debts identified below;

- Represent you in any lawsuit filed against you in connection with any of these debts;

2

- Defend you against any collection activity or lawsuit on any invalidated debt at any point in time, without expiration, in connection with any debt identified below;
- Initiate legal action in a court of competent jurisdiction against any creditor that violates any state or federal law in connection with any debt identified below; and
- Determine your qualification for bankruptcy under Chapter 7 or Chapter 13 of the U.S. Bankruptcy Code, and counsel you regarding the procedures and effects of bankruptcy as well as your qualification to file the same.

(Agreement, p. 1) Further, LPG would ". . . [w]here requested" negotiate a settlement of any debt identified in the Agreement. In such event, the debtor(s) would be responsible to directly pay such settlement (Agreement, p. 3). The Agreement listed seven (7) unsecured creditors totaling $24,478.00.

12. A "flat fee" under a Schedule of Payments was charged by LPG as follows: 35 monthly charges of $341.14 and 1 charge of $340.98, for a total of $12,280.88 (Agreement pp. 2, 7).

## COUNT I. Fraudulent Transfer Under 11 U.S.C. § 548

13. The debtors, and/or debtor Daniel V. Rowe, transferred $1,364.56 to LPG between December, 2021 and March, 2022 pursuant to the Schedule of Payments set out in the Legal Services Agreement.

14. Such transfer(s) was/were of an interest of the debtor(s) in property, made within 2 years before the date of the filing of the petition, and for which the debtor(s) received less than a reasonably equivalent value in exchange, and was/were insolvent on the date such transfer(s) were made.

15. The Trustee may, therefore, avoid such transfer(s) pursuant to 11 U.S.C. § 548(a)(1), and recover the same from defendant LPG pursuant to 11 U.S.C. § 550(a)(1).

### COUNT II. Violation of the Kansas Credit Services Organization Act

16. As to the debtor(s), LPG acted as a "credit services organization" under the Kansas Credit Services Organization Act ("KCSOA"), K.S.A. 50-1116 *et seq*. It engaged in, or held out to the public as willing to engage in, the business of "debt management services" for a fee. K.S.A. 50-1117(c) and (d).

17. However, LPG had not obtained a license from the Kansas Bank Commissioner, as required by K.S.A. 50-1118(a). As such, LPG violated the KCSOA.

18. LPG further violated the KCSOA as follows:

(a) failure to provide the debtor/consumer with a credit education program. K.S.A. 50-1120(a);

(b) failure to prepare and provide a written analysis of a budget plan for all of the debtor/consumer's debt obligations. K.S.A. 50-1120(b)(1)(B);

(c) failure to provide to the debtor/consumer a list of each creditor reasonably expected to participate or not in the debt management services agreement K.S.A. 50-1120(b)(2);

(d) failure to include in the written debt management services agreement:

- a list of participating creditors to which payments will be made by LPG, including the amount owed each creditor, the amount of each payment, the date each payment will be made, and the anticipated payoff date;

- the name of each creditor reasonably expected not to participate;

4

- a disclosure that LPG also may receive compensation for the debtor/consumer's creditors for providing debt management services;
- a disclosure that LPG may not, as a condition of entering into a debt management services agreement, require the debtor/consumer to purchase any other produce or service, no solicit or offer to sell any other product or service during the term of the debt management services agreement;
- a disclosure that LPG may not require a voluntary contribution for any service provided by LPG;
- a disclosure that, by executing the debt management services agreement, the debtor/consumer authorizes any financial institution in which LPG has established a trust account for the deposit of the debtor/consumer's funds to disclose to the commissioner any financial records relating to the trust account; and
- a notice substantially similar to the following: "The Kansas Office of the State Bank Commissioner accepts questions and complaints from consumers regarding (name and license number of licensee) at 700 SW Jackson, Suite 300, Topeka, Kansas, 66603, or by calling toll-free 1-877-387-8523."

K.S.A. 50-1120(c)

(e) failure to include in its electronic solicitation or advertising, the license number on record with the commissioner, in that LPG failed to obtain such a license. K.S.A. 50-1120(d);

(f) advertising or causing to be advertised the services of a credit services organization to a Kansas consumer without first obtaining a license. K.S.A. 50-1121(f);

(g) receiving or charging a fee in the form of an "other promise to pay (the Schedule of Payments). K.S.A. 50-1121(k).

5

19. The debtor(s) are entitled to damages for such violations in an amount of not less than the amount paid by the debtor(s) to LPG, $1,364.56, plus reasonable attorney fees, costs, and punitive damages. K.S.A. 50-1133. The debtor(s) right to such damages is property of the estate, and the Trustee is entitled to turnover of such damages from LPG pursuant to 11 U.S.C. § 542(b).

### COUNT III.  Violation of the Kansas Consumer Protection Act

20. Each violation of the KCSOA, as set out in Count II above, is also a deceptive act or practice under the Kansas Consumer Protection Act ("KCPA"). K.S.A. 50-1132.

21. The KCPA provides for "damages or a civil penalty . . . whichever is greater" for violation of the act. K.S.A. 50-634(b). The civil penalty is up to $10,000.00 for each violation. K.S.A. 50-636(a).

22. The court should award a civil penalty of $10,000.00 for each of the violations set out in Count II above, or a total of up to $70,000.00.

### Demands for Relief

23. Based on the above, the Plaintiff/Trustee requests an Order:

(a) avoiding the transfer of the $1,364.56 and recovery from LPG;

(b) awarding damages under the KCSOA, to include reasonable attorney fees for this action;

(c) awarding damages under the KCPA, to include civil penalties; and

(d) awarding costs and pre and post-judgment interest.

s/ J. Michael Morris
J. Michael Morris, #09292
KLENDA AUSTERMAN LLC
301 N. Main St., Ste. 1600
Wichita, KS 67202-4816

6

Phone: (316) 267-0331
Fax: (316) 267-0333
Jmmorris@klendalaw.com
*Attorney for Darcy D. Williamson, Trustee*

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Darcy D. Williamson, Trustee | **DEFENDANTS**<br>Litigation Practice Group PC |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Klenda Austerman LLC<br>301 N. Main St., Ste. 1600, Wichita, KS 67202-4816<br>Phone: (316) 267-0331 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>X Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor X Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to avoid fraudulent transfer under 11 U.S.C. § 548 and for turnover and recovery under the Kansas Credit Services Organiztion Act and the Kansas Consumer Protection Act.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☒ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Daniel V. Rowe and Michelle L. Rose | BANKRUPTCY CASE NO.<br>22-40216 | |
| DISTRICT IN WHICH CASE IS PENDING<br>Kansas | DIVISION OFFICE<br>Topeka | NAME OF JUDGE<br>Somers |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) *[signature]* | | |
| DATE 9/30/22 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.